Citation Nr: 1826237 
Decision Date: 04/26/18 Archive Date: 05/07/18

DOCKET NO. 12-30 508 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Providence, Rhode Island


THE ISSUES

1. Entitlement to service connection for an acquired psychiatric disorder, to include major depressive disorder (MDD).

2. Entitlement to service connection for acid reflux disease, including as secondary to medication from service-connected disabilities.

3. Entitlement to a compensable rating for a scar, residuals of an appendectomy.

4. Entitlement to a rating in excess of 10 percent for a painful scar due to an appendectomy.


REPRESENTATION

Veteran represented by: Michael J. Kelley, Attorney at Law


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

M. Young, Counsel


INTRODUCTION

The Veteran served on active duty from June 1985 to April 1988.

These matters are before the Board of Veterans' Appeals (Board) on appeal from rating decisions by a Regional Office (RO) of the Department of Veterans Affairs (VA). In August 2015, the Veteran testified before the undersigned at a videoconference hearing. In December 2015 and September 2016 these matters were remand by the Board for additional development. 

The Board notes that in September 2016 the matters of entitlement to increased ratings for degenerative joint disease of the lumbar spine, bilateral radiculopathy of the lower extremities, and left knee degenerative arthritis were remanded by the Board to the Agency of Original Jurisdiction (AOJ) to issue a statement of the case (SOC). The Veteran requested a Board hearing on those matters; therefore, they will be addressed in a separate decision at the completion of hearing proceedings.

This appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.



REMAND

Pursuant to the September 2016 Board Remand, VA scheduled the Veteran for examinations to determine the nature and etiology of his service connection claims for an acquired psychiatric disorder, to include MDD, and acid reflux, and the extent of degree of severity of his increased rating claims for scars. In June 2017, the Veteran did not report for the examinations scheduled in his behalf. Later the same month the Veteran called VA to reschedule the VA compensation examinations. He explained that he missed the examinations because he had vehicle problems. He stated he would make the rescheduled examinations.

It appears from an August 2017 "Exam Request for Document ID..." located in the record that an examination request was made to QTC Medical Services, Inc. for acquired psychiatric disorder to include depression and anxiety, acid reflux and scars. The record further indicates that these examinations were cancelled/rejected by the contractor. There is also no documentation in the record that clearly shows the Veteran was notified of any rescheduled examination. The Board finds that good cause was shown by the Veteran for failure to report to the June 2017 examination, and since examination requests in August 2017 were cancelled by the contractor (apparently due to no fault on the part of the Veteran, and it appears he may not have been properly notified of the rescheduled examinations) the Veteran should be rescheduled for appropriate VA examinations.

The AOJ, pursuant to the September 2016 Board Remand, asked the Veteran, by letter dated in September 2016, to complete and return VA Form 21-4142 (authorization to disclose) and 21-4142a (general release) so they could obtain treatment records from BayRidge Hospital. The Veteran did not respond to that request. That letter was sent to a post office box. The Veteran has had a few address changes since the request was made. Since these matters are being remanded, the Board will afford the Veteran another opportunity to respond to the AOJ's request for authorization and release to obtain records from a private medical provider.

Accordingly, the case is REMANDED for the following action:

1. The AOJ should request that the Veteran submit or authorize the release of any medical treatment records, to include mental health records from BayRidge Hospital, See June 2011 response to VA from Northeast Hospital Corporation (records administrator). Based on his response, the RO must attempt to procure copies of all records identified, pursuant to the provisions of 38 C.F.R. § 3.159(c).

2. The AOJ must afford the Veteran a VA psychiatric examination, with an examiner who has reviewed the claims file. Based on the file review, a discussion with the Veteran, and the examination findings, the examiner must provide a multi-axial diagnosis. For each diagnosed psychiatric disorder, the examiner must 

a) Provide an opinion as to whether it is at least as likely as not (a 50 percent or greater probability) that such disorder is etiologically related to service. 

b) Determine whether any diagnosed psychiatric disorder clearly and unmistakably preexisted service and clearly and unmistakably did not undergo aggravation in service.

In offering the opinions, the examiner should consider the February 2008 inpatient mental status examination at Northeast Hospital Corporation (found among Social Security Administration medical records submitted), where the Veteran reported a history of chronic intermittent depression since as long ago as his teenage years (the Veteran was almost age 21 when he entered military service).

A full rationale for all expressed medical opinions must be provided. 

3. The AOJ must afford the Veteran a VA gastrointestinal examination to determine the nature and etiology of his acid reflux disease. The claims file must be reviewed by the examiner. All appropriate tests deemed necessary should be administered. Following a review of the evidence of record, clinical examination, and consideration of the Veteran's statements, the examiner must: 

a) Determine whether the Veteran's acid reflux disease is at least as likely as not (a 50 percent or greater probability) directly related to his service. This analysis should include a discussion of the Veteran's reported symptoms during service as well as after service. The Board directs the examiner's attention to the Veteran's service treatment record that diagnosed gastritis in October 1987, as well as his testimony at the August 2015 hearing.

b) Determine whether the Veteran's acid reflux disease is at least as likely as not proximately caused or aggravated by medication the Veteran takes for his service-connected disabilities (as listed in a March 2016 rating decision).

A full rationale for any expressed medical opinions must be provided. 

4. The AOJ must afford the Veteran a VA skin examination to determine the current severity of his appendectomy scar disabilities. The examiner should review the claims file. In addition to conducting regular testing, the examiner should identify and numerate any and all scars in these areas and opine as to whether such scars are linear, superficial, deep, painful, unstable, and/or exhibit any other disabling effects. A full rationale for any expressed medical opinions must be provided. 

5. After completing the above, the Veteran's claims must be readjudicated based on the entirety of the evidence. If the claims remain denied, the Veteran and his attorney must be issued a Supplemental Statement of the Case. An appropriate period of time should be allowed for response.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
A. C. MACKENZIE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).